# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 739 | **DATE** | 11/20/2012 |
| **CASE TITLE** | Ratliff vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court grants Plaintiff's oral motion pursuant to FRE 611 to call certain witnesses as adverse.

■[ For further details see text below.]     Docketing to mail notices.

**STATEMENT**

Plaintiff seeks to call five City of Chicago employees as adverse or "hostile" witnesses under Rule 611. The five employees are four non-defendant police officers (Officers Serb, Schwandt, Babich, and Kavanagh) and non-defendant city employee Laura Dunaj. Rule 611 provides that, while leading questions typically should not be used on direct examination, they may be employed "[w]hen a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." Fed. R. Evid. 611(c). "The normal sense of a person 'identified with an adverse party' has come to mean, in general, an employee, agent, friend, or relative of an adverse party." *Washington v. State of Illinois Department of Revenue*, 2006 WL 2873437, at *1 (C.D. Ill. Oct. 5, 2006) (quoting *Vanemmerik v. The Ground Round, Inc.*, 1998 WL 474106, at *1 (E.D. Pa. 1998)). When the city is a defendant to a § 1983 claim, police officers employed by the city and who were present during portions of the incident at issue are "clearly qualified as a 'witness identified with an adverse party.'" *Ellis v. City of Chicago*, 667 F.2d 606, 612-13 (7th Cir. 1981).

The non-defendant officers that Plaintiff plans to call have been employees of Defendant City of Chicago at all times during the litigation and each had a hand in the ordeal which gave rise to the lawsuit. For instance, one of the officers has been identified as a supervisor of the defendant officers. The other three officers had contact either with Plaintiff or the incident–Officer Serb was on duty at the station, Officer Babich drafted the case report, and Officer Kavanagh took Plaintiff's complaint regarding the stolen vehicle. Similarly, Ms. Dunaj has been employed by Defendant City of Chicago throughout the pendency of the litigation and during the incident in question. As the representative of the City's Office of Emergency Communication and Management (OECM), she is in fact a representative of the City or, in other words, a "witness identified with an adverse party." All of these witnesses, by virtue of their employment with Defendant City of Chicago, by their involvement (even if tangential or limited) with the case, and by their relationship with the Defendant Officers as their co-workers, clearly qualify as "witness(es) identified with an adverse party" for purposes of Rule 611(c). *Washington*, 2006 WL 2873437 at *1-2. Should Plaintiff call these witnesses at trial, Plaintiff's counsel may use leading questions

**STATEMENT**

during their direct examinations.