# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PARES RATLIFF, | ) | |
| | ) | No. 10 C 00739 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE DOW |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE | ) | |
| OFFICERS J. CARROLL, Star #6261, and | ) | Magistrate Judge Keys |
| B. MURPHY, Star #10079, Chicago Police | ) | |
| Officers, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## DEFENDANTS' RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants, Chicago Police Officers James Carroll, Brian Murphy, and the City of Chicago (hereafter "Defendants"), by their attorneys, Richard T. Sikes, Jr. and Jeffrey J. Scolaro, move pursuant to Rule 50(a) of the Federal Rules of Civil Procedure for judgment in their favor as a matter of law. In support thereof, Defendants state as follows:

### Count I – Illegal Search and Seizures

### Search and Seizure of the Plaintiff

1. Plaintiff's Count I – Section 1983 Violations – Illegal Search and Seizure, should be dismissed as a matter of law as it pertains to any alleged illegal search and seizure of his person, because it is duplicative of the Plaintiff's Count II - Section 1983, Fourth Amendment Violations, False Imprisonment. Plaintiff testified that Officer Carroll approached him, "bopped" him on the head, and immediately placed him under arrest by advising him that there was a warrant for his arrest, and ordering him into the police car.

2. Officer Carroll testified that he approached Plaintiff for a field interview, and did not detain Plaintiff until Plaintiff threatened to kill him while clenching a metal air hose

1

component.  According to Officer Carroll, there was no search of Plaintiff or seizure of Plaintiff's person until after this threat was made.

3. In either version of the events, it is clear that Plaintiff was not patted down or searched until after he was arrested.  A search incident to a valid arrest is a valid search.  *Arizona v. Gant*, 556 U.S. 332, 343 (2009); *United States v. Robinson*, 414 U.S. 218, 235 (1973); *Chimel v. California*, 395 U.S. 752, 762 (1969).  As such, the validity of any search of the Plaintiff's person rises or falls with the validity of his arrest.

4. As a result, under any version of the events, there was neither a search nor seizure of Plaintiff's person whatsoever before the arrest, and no reason for the duplicative counts of search and seizure.  Furthermore, this claim unduly complicates both the case and the jury instructions and will confuse the jurors.

## Search of the Vehicle

5. Officer Murphy's entry of Plaintiff's vehicle to retrieve Plaintiff's wallet was, as a matter of law, reasonable under the Fourth Amendment.  Officer Carroll's entry of the vehicle to move it off private property to a legal parking space was also, as a matter of law, reasonable under the Fourth Amendment.

6. The uncontradicted testimony is that after Plaintiff was taken into custody, the officers asked him for identification.  Plaintiff stated that his wallet was under the front seat.  Officer Murphy then went to the car intending to retrieve the wallet.  While Officer Murphy entered the vehicle and looked around, he only "searched" under the front seat to retrieve the wallet, as he testified, he did not search the glove compartment, trunk, "traps" or other hidden areas in the vehicle.

7. Several cases hold that such a minimally intrusive invasion of an individual's privacy is reasonable under the Fourth Amendment. In *United States v. Kelly*, 267 F. Supp. 2d 5 (D.D.C. 2003) the criminal defendant was involved in a traffic accident and found to be incoherent. As a result, he was unable to produce the vehicle's registration. A law enforcement officer entered the vehicle and searched the glove compartment looking for the registration, during which time contraband was discovered. The district court noted that the permissibility of a particular law enforcement practice is judged by balancing the intrusion to an individual's Fourth Amendment interests against its promotion of a legitimate governmental interest. *Id.*, 267 F. Supp. 2d at 14, citing *Delaware v. Prouse,* 446 U.S. 648 (1979). The district court recognized that the officer's entry into the vehicle to look for vehicle registration in the glove compartment involves only a "slight incursion on privacy," limited to the places where registration is usually found. Balanced with the significant government interest in a police officer's need to know the ownership of vehicle abandoned or involved in a traffic accident, the court held that it was reasonable under the Fourth Amendment for the officer to conduct a limited search for the registration in those areas where it was likely to be found. *Id.*; see also *New York v. Class*, 475 U.S. 106 (1986) (officer's intrusion to view VIN number on vehicle permissible); *United States v. Ferri*, 357 F. Supp. 487 (W.D. Wis. 1973) (where car owner indicates the precise location of a document that proves ownership, the removal of the document by the officer from that spot is a narrowly directed effort and reasonable under the Fourth Amendment as incident to the seizure of the car).

8. Similarly, in this case, Officer Murphy's "search" for the Plaintiff's wallet was limited to the specific area Plaintiff identified. There is no evidence that he separately searched the vehicle, and this minimal intrusion is outweighed by a legitimate government interest, i.e., to

properly identify people who are taken into custody. Accordingly, Officer Murphy's conduct was reasonable under the Fourth Amendment and this claim fails as a matter of law, and must be dismissed.

9. Officer Carroll's entry into the vehicle was a similarly minimal intrusion and therefore reasonable under the Fourth Amendment. Officer Carroll had a legitimate government interest in moving the vehicle off private property to a legal parking space, and he followed police protocol by moving the vehicle a matter of yards, without any other invasion of the Plaintiff's interests.

### Seizure of the Vehicle

10. The evidence fails to support a separate Fourth Amendment claim for seizure of the Plaintiff's vehicle. Officers Carroll and Murphy did nothing respecting the vehicle until after the arrest. Even then, Officers Carroll and Murphy did not "seize" Plaintiff's vehicle, but simply moved it off gas station property to a legal parking space. This conduct is a natural consequence of Plaintiff's arrest; and the justification for it rises or falls with the propriety of the arrest. Further, the evidence fails to support a separate Fourth Amendment claim for seizure of the Plaintiff's vehicle because the actions of Officers Carroll and Murphy were reasonable under the Community Caretaking function, as set forth in *South Dakota v. Opperman*, 428 U.S. 364 (1978). The movement of the Plaintiff's vehicle from private property to a legal parking spot was reasonable under the Fourth Amendment and executed through the Defendant's reasonable use of the Community Caretaking Function, as there was no one else to drive the Plaintiff's vehicle from the private property, and where Plaintiff had not obtained permission to remain; see *Zoglauer v. City of Wheaton*, 2000 WL 336526 (N.D.Ill.)(Moran, J.). Thus, while the loss of

plaintiff's vehicle may be an element of damages resulting from the Plaintiff's claim of false arrest, it should not, on its own, form the basis of a separate Fourth Amendment seizure claim.

## Count II – False Arrest

11. The evidence fails, as a matter of law, to support Plaintiff's claim that he was falsely arrested.

## Count III – Malicious Prosecution

12. The evidence fails, as a matter of law, to support Plaintiff's claim for malicious prosecution.

## **Punitive Damages**

13. Plaintiff's claim for punitive damages is not adequately supported by the evidence and should therefore be dismissed as a matter of law.

WHEREFORE, the Defendants, Officer James Carroll, Officer Brian Murphy, and City of Chicago, request that this Court grant the Rule 50(a) Motion for Judgment pursuant to Rule 50 of the Federal Rules of Civil Procedure, or for any other relief this Court deems proper and just.

                                  Officer James Carroll, Officer Brian Murphy,
                                  and the City of Chicago

By:   /s/ Jeffrey J. Scolaro
         Attorney for Officer James Carroll, Officer Brian
         Murphy, and the City of Chicago

Dated: November 29, 2012


Richard T. Sikes
Jeffrey J. Scolaro
Daley Mohan Groble, P.C.
55 W. Monroe Street
Suite 1600
Chicago, IL 60603

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that a copy of the foregoing **DEFENDANTS' RULE 50(a) MOTION FOR JUDGMENT** was served upon the below-named attorney(s) at the address below via CM/ECF electronic case filing the **29th day of November, 2012** to the following party:

    Jared S. Kosoglad
    JARED S. KOSOGLAD, P.C.
    120 North Green Street - Suite 3G
    Chicago, Illinois 60607

    /s/ Jeffrey J. Scolaro
    Attorney for Officer James Carroll, Officer Brian
    Murphy, and the City of Chicago

Richard T. Sikes
Jeffrey J. Scolaro
Daley Mohan Groble, P.C.
55 W. Monroe Street
Suite 1600
Chicago, IL 60603