# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 739 | **DATE** | 2/26/2013 |
| **CASE TITLE** | Ratliff vs. Carroll et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendants' motion for extension of time to submit LR 54.3 materials [146] is granted in part and denied in part; Defendants are given a final extension until 2/28/2013 to provide their LR 54.3 materials. Plaintiff's motion for leave to file oversized brief *instanter* [148] is granted. Plaintiff's motion for leave to file petition for fees and costs pursuant to LR 54.3 and to bar Defendants' objections [150] is granted in part and denied in part; Plaintiff may file his LR 54.3 petition by 3/11/2013 as set out in the existing scheduling order [145]; Plaintiff's motion to bar is denied without prejudice and may be renewed if Defendants do not provide their LR 54.3 materials by 2/28/2013. Notice of motion dates of 2/28/2013 and 3/5/2013 are stricken and no appearances are necessary on that date. The parties are directed to notify the Court promptly should the settlement discussions referenced in the parties' recent filings result in an agreement.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court are several related motions: (1) Defendants' motion for extension of time to submit LR 54.3 materials [146], (2) Plaintiff's motion for leave to file oversized brief [148], and (3) Plaintiff's motion for leave to file petition for fees and costs [150]. The third of these motions also sets out Plaintiff's response to Defendant's motion for extension of time.

As previously noted, in setting and adjusting the post-trial scheduling issues in this case, the Court has endeavored to balance the competing objectives of encouraging settlement and bringing this case forward to conclusion should settlement not prove feasible. To that end, in a February 7 minute order [145], the Court set a briefing schedule (over Plaintiff's objection [see 143]) that afforded Defendants the full measure of time – three weeks – that they requested to put forward a settlement offer prior to any other deadlines that would move the case forward on the non-settlement front. Pursuant to that schedule, Defendants were to communicate their settlement demand on February 20, provide their LR 54.3 materials on February 25, and file their reply in support of their post-trial motion on March 8. The compilation of Defendants' LR 54.3 materials should not be a difficult or onerous proposition given that Defendants have had Plaintiff's LR 54.3 materials since mid-December and presumably have been evaluating those materials in connection with their settlement considerations.

Despite the Court's scheduling order, Defendants did not provide their LR 54.3 materials on the due date. Instead, they filed another motion for extension of time. In the motion, Defendants acknowledge that their settlement counteroffer was not ready on February 20, but anticipate extending it by March 1. They then request that the schedule for each remaining phase of the LR 54.3 process be extended by fourteen additional days.

## STATEMENT

Plaintiff opposes the extension and asks that the Court deny the motion, bar Defendants' (now overdue) objections, and allow Plaintiff to file his petition for fees within seven days.

Defendants' motion for a further extension is not well taken. The February 7 order expressed the Court's view that the schedule set in the order allowed "adequate time" for the parties to simultaneously prepare a settlement demand and marshal their arguments on the post-trial motions and fee petition. The order further indicated the Court's determination that briefing should "proceed expeditiously" after Defendants formulated their settlement position. The Court also would note that filing any motion for a further extension on the due date is not a best practice, and all the more so where, as here, the prior extension of time was carefully crafted and granted over the opposing party's not unreasonable objection. In summing up the relevant considerations, this Court cannot do better than to quote the Seventh Circuit:

> We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. What happened in this case is that Judge Tinder, who had generously given Spears more than enough time to get his act together, decided there would be no more extensions, and we cannot say that he was wrong to put his foot down as he did.

*Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) (holding that district court did not abuse its discretion in denying motion for one day extension of time for response to motion for summary judgment).

*Spears* suggests that the Court would be on solid ground if it were to deny Defendants' motion altogether. But LR 54.3 sets forth a process that, when done properly, aids the Court in the fair disposition of petitions for attorneys' fees. To that end, the Court will give Defendants a final opportunity to submit their LR 54.3 materials no later than Thursday, February 28. Given the indication that Plaintiff believes he could be ready to file his fee petition within seven days, the Court sees no reason to adjust any other dates in the existing scheduling order set on February 7.

Finally, in regard to Plaintiff's motion for leave to file an oversized brief *instanter* [148], while the brief to which Plaintiff is responding was within the default 15-page limit, the Court has reviewed Plaintiff's proposed brief and concludes that the request for excess pages is reasonable in the circumstances. The Court therefore grants the motion for leave to file an oversized brief *instanter*. Should Defendants believe that they need excess pages for their reply, they may timely file an appropriate motion.

*[signature]*