**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PARES RATLIFF, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10-cv-739 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's petition for attorneys' fees and costs [156]. For the reasons stated below, the Court grants in part Plaintiff's petition for attorneys' fees and costs [156] and awards Plaintiff $315,661.31 in fees and $4,275.51 in costs. In the event that the parties once again cannot come to an agreement, Plaintiff is given fourteen days from the date of this opinion to submit a request for compensation for hours spent litigating the fee petition since December 7, 2012. Defendants are given 14 days from the date of Plaintiff's supplemental filing, if any, to file any objections to Plaintiff's supplemental filing.

**I.     Background**

On June 17, 2009, Defendant Officers Carroll and Murphy arrested Plaintiff and charged him with aggravated assault. Those charges were dismissed when the complaining officer, Defendant Carroll, failed to appear in court. More than three years later, on November 29, 2012, following a four-day jury trial, the jury returned a verdict against Defendants in this matter, and the following day the Court entered judgment on the verdict. As to Defendant Officer James Carroll, a verdict in favor of Plaintiff was entered on the claims of false arrest, illegal search and seizure, and malicious prosecution. As to Defendant Officer Brian Murphy, a judgment on the

jury verdict was entered on the claims of false arrest and illegal search and seizure. The jury awarded compensatory damages in the amount of $30,000, punitive damages against Defendant Officer Carroll in the amount of $15,000.75, and punitive damages against Defendant Officer Murphy in the amount of $5,000. Beyond the award of compensatory and punitive damages, the jury sent a note to the Court during deliberations, asking if they could punish the officers through community service. The jury also pointedly added seventy-five cents onto Defendant Carroll's punitive damages total, almost certainly in reference to the seventy-five cents that Plaintiff lost when the officers interrupted his service station stop.

A brief account of the procedural background also is relevant to the issue of attorneys' fees. Plaintiff filed his initial complaint on February 3, 2010. Defendants answered the complaint on April 7, 2010. The parties filed a report of their Rule 26(f) planning meeting on April 26, 2010, wherein Plaintiff sought ninety days and defendants sought five and one half months for the completion of fact discovery. The Court provided Defendants with all of the time they requested for discovery, ordering discovery closed by September 30, 2010. While Plaintiff and Defendants believed discovery would be complete by July 2010 and September 2010 respectively, discovery would not formally close until January 2012. As demonstrated below, the delay was due in large part to Defendants' two substitutions of counsel during the litigation and Defendants' untimely responsiveness during discovery.

The parties sought an agreed extension of time to complete fact discovery on September 13, 2010. The Court ordered discovery closed by December 31, 2010. In December, noting confusion caused by Defendants' substitution of counsel, the parties agreed to extend discovery until March 2011, and the Court allowed it. In late December, Plaintiff moved to compel the Cook County Sheriff's Merit Board to produce documents related to Plaintiff's employment

application, which had been resolved during the pendency of the litigation. In open court, the City of Chicago agreed to provide any information given to the Merit Board, and Magistrate Judge Keys mooted Plaintiff's motion. In February 2011, the Court again extended discovery, until June 2011. The extension came on the heels of Defendants' motion to substitute counsel. At that time, Judge Keys held a status conference and reported that, "Plaintiff has not yet received from the City of Chicago the documents sought from the Cook County Merit Board." At the March 2, 2011 status, the parties still had not resolved the Merit Board issue. Finally, Plaintiff would refile his motion to compel the merit board to produce the records because after three months, the City of Chicago "indicated they do not possess the relevant information." The motion to compel was granted over objection.

In May 2011, the parties again moved to extend discovery to August. On July 19, 2011, Plaintiff filed another motion to compel against Defendants, which was mooted by Defendants' promise to comply. The Court extended discovery until September 16, 2011. Judge Keys again extended discovery to tie up loose ends, providing until October 17, 2011 for its completion. On October 14, 2011, Plaintiff filed another motion to compel, outlining various problems with Defendants' delays in producing discovery. The Court granted the motion in substantial part and deferred "ruling on Plaintiffs motion for the costs plaintiff's counsel incurred in the preparation of this motion." The records finally produced by Defendants revealed the existence of previously undisclosed communications records and required additional limited discovery. In December of 2011, Defendants moved to amend their answer to deny that they received notice to appear in court. The Court extended discovery once again, until January, 2012.

As previously noted, Plaintiff prevailed at trial. Defendants filed a timely post-trial motion. However, Defendants sought further extensions related to disclosure of their LR 54.3

disclosures and the post-trial motion briefing schedule. Prior to trial, Defendants never made a settlement offer. Throughout the litigation, Plaintiff's settlement demand was $99,000, exclusive of reasonable attorneys' fees and costs. After trial, Defendants offered Plaintiff $274,000, inclusive of fees and costs.

**II.     Analysis**

    **A.     General standards**

In order to entice competent attorneys to prosecute civil rights cases, Congress enacted 42 U.S.C. § 1988, pursuant to which a "prevailing party" in a Section 1983 action is entitled to "reasonable" attorneys' fees. See *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). A civil rights plaintiff is considered to be a "prevailing party" if he or she succeeds on "any significant issue in the litigation." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989). As a result of the substantial jury verdict in this case, there can be no dispute that Plaintiff must be deemed a "prevailing party" who is entitled to an award of "reasonable" attorneys' fees.

In deciding the specific amount that is reasonable in the circumstances, the Supreme Court has directed district courts to consider as a "starting point" (or "lodestar") the number of hours expended in the litigation multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. The Court has stressed that the "most critical factor" in determining the reasonableness of a fee award is "the degree of success obtained" by the prevailing party. *Id*. at 436. Courts frequently attempt to measure success by viewing three factors: (i) the difference between the actual judgment and the recovery sought, (ii) the significance of the legal issues on which the plaintiff prevailed, and (iii) the public interest at stake in the litigation. See, *e.g.*, *Connolly v. Nat'l Sch. Bus. Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999).

The Supreme Court expressly has stated that when litigation of a § 1983 case leads to "excellent results" for the prevailing party, the plaintiff's attorney "should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435. As the Court further explained, "[n]ormally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Id.* Both the Supreme Court and the Seventh Circuit have stressed that a fee award "should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. at 435; see also *Dunning v. Simmons Airlines, Inc.*, 62 F.3d 863, 873 (7th Cir. 1995). As the court of appeals summarized, "*Hensley* makes clear that when claims are interrelated, as is often the case in civil rights litigation, time spent pursuant to an unsuccessful claim may be compensable if it also contributed to the success of other claims." *Jaffee v. Redmond*, 142 F.3d 409, 413 (7th Cir. 1998).

Here, all of Plaintiff's claims had their genesis in a relatively brief interaction between Defendant Officers and Plaintiff. That interaction spawned four years of litigation. The malicious prosecution claim resulted from the decision to bring to trial the charges brought against Plaintiff following his interaction with Defendant Officers. Accordingly, this case is an exemplar of the cases in which "the plaintiff's claims of relief * * * involve a common core of facts or [are] based on related legal theories," such that "much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Ustrak v. Fairman*, 851 F.2d 983, 988 (7th Cir. 1988). In such cases, "the district court should focus on the significance of the overall relief obtained by the plaintiff." *Id.*; see also *Bryant v. City of Chicago*, 200 F.3d 1092, 1101 (7th Cir. 2000) (explaining that the court

should focus on "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation").

The mere fact that the amount yielded by computing the "lodestar" exceeds the amount of the judgment does not suggest that the prevailing party has made an unreasonable fee request. To the contrary, recognizing the importance of vindicating constitutional rights through the § 1983 vehicle created by Congress, it is not unusual for district courts to grant, and courts of appeals to affirm, attorneys' fees that exceed (even substantially) the amount of the judgment when doing so is reasonable in the circumstances. See, *e.g.*, *Robinson v. City of Harvey*, 489 F.3d 864, 872 (7th Cir. 2007) (affirming $507,000 fee award on $275,000 verdict); *Tuf Racing Products, Inc. v. American Suzuki Motor Corp.*, 223 F.3d 585, 592 (7th Cir. 2000) (affirming $391,000 fee award on $137,000 verdict).

Turning first to the three factors set forth by the Seventh Circuit in *Connolly*, 177 F.3d at 597, "the difference between the actual judgment and the recovery sought" indicates that Plaintiff achieved a moderate degree of success in this litigation. Prior to trial, Plaintiff was willing to settle the case for $99,000 "plus reasonable attorneys' fees." Plaintiff thus sought approximately two times what the jury ultimately awarded. See Pl.'s Fee Petition at 5. Although the jury clearly believed that Plaintiff was wronged, Plaintiff's estimation of the damages significantly exceeded the jury's estimation of damages. Turning to the second and third factors, the legal issues on which Plaintiff prevailed and the public interests at stake in this litigation both were significant; in the Supreme Court's words, "the damages a plaintiff recovers contribute significantly to the deterrence of civil rights violations in the future," and particularly "in the area of individual police misconduct, where injunctive relief is generally unavailable." *City of Riverside v. Rivera*, 477 U.S. 561, 575 (1986).

After consideration of the pertinent factors, the Court finds that Plaintiff achieved a moderate-to-good degree of success after a five-day trial, undercut only by Plaintiff's lofty pretrial estimation of damages. Because that verdict constitutes a good result for Plaintiff (as well as an appropriate, well-reasoned result by the jury), yet totals only half the result demanded, the Court concludes that Plaintiff's attorneys should recover 75% of their fee, but not a "fully compensatory fee." *Hensley*, 461 U.S. at 435. The Court believes that a total of 75% of the fees sought is warranted because Plaintiff won on the majority of his claims but fell substantially short of his pretrial estimation of damages. Indeed, Plaintiff's pretrial demand of $99,000 *exclusive* of fees and costs simply was not supported by the damages evidence submitted at trial. However, the Court is reluctant to reduce the lodestar figure by more that 25% because the evidence submitted at trial overwhelming supported the jury's conclusions as to liability. See *Sottoriva v. Claps*, 617 F.3d 971, 975 (7th Cir. 2010) (noting that "the district court is entitled to considerable discretion in arriving at an award that it deems reasonable," but that "the district court must justify its decision. This explanation may be 'concise,' but it must still be an explanation—that is, a rendering of reasons in support of a judgment—rather than a mere conclusory statement.").

The Court further concludes that although the degree of success achieved for Plaintiff was good, it was not "exceptional," and therefore Plaintiff's counsel are entitled only to 75% of "all hours reasonably expended on the litigation," and not "an enhanced award." *Id*. The remaining question – on which the parties have devoted the bulk of the briefing on the fee petition – is what hours were "reasonably expended" in this case?

### B. Waiver

In their memorandum in opposition to Plaintiff's fee request, Defendants raise a number of objections to specific tasks or fee entries. Plaintiff contends that Defendants waived these objections by failing to provide their specific objections prior to the filing of the parties' Joint Fee Statement required by Local Rule 54.3. Plaintiff is correct that Local Rule 54.3(d) contemplates that parties will state their objections with clarity and particularity to facilitate resolution of fee disputes, where possible, without court intervention. See, *e.g.*, *Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 776 F.2d 646, 664 (7th Cir. 1985) (noting that the party opposing a fee petition must "state objections with particularity and clarity"). On December 19, 2012, Plaintiff tendered to defense counsel his hours, billing rates, a letter outlining his arguments in support of the fee petition, and other supporting materials. The Local Rule provides the opposing party with 21 days to respond, which, in this case, would have been January 9, 2013.

In setting and adjusting the post-trial scheduling issues in this case, the Court endeavored to balance the competing objectives of encouraging settlement and bringing this case forward to conclusion should settlement not prove feasible. To that end, in a February 7 minute order [145], the Court set a briefing schedule (over Plaintiff's objection) that afforded Defendants the full measure of time (three weeks) that they requested to put forward a settlement offer prior to any other deadlines that would move the case forward on the non-settlement front. Pursuant to that schedule, Defendants were to communicate their settlement demand on February 20, provide their LR 54.3 materials on February 25, and file their reply in support of their post-trial motion on March 8. The Court noted that the compilation of Defendants' LR 54.3 materials should not be a difficult or onerous proposition given that Defendants had been in possession of Plaintiff's

8

LR 54.3 materials since mid-December and presumably had been evaluating those materials in connection with their settlement considerations.

Despite the Court's scheduling order, Defendants did not provide their LR 54.3 materials on the due date. Instead, they filed another motion for extension of time. In the motion, Defendants acknowledged that their settlement counter-offer was not ready on February 20, but anticipated extending it on March 1. They then requested that the schedule for each remaining phase of the LR 54.3 process be extended by fourteen additional days. Not surprisingly, Plaintiff opposed the extension and asked that the Court deny the motion, bar Defendants' (now overdue) objections, and allow Plaintiff to file his petition for fees within seven days.

In ruling on Defendants' motion for extension of time, the Court did not bar Defendants from challenging Plaintiff's fee petition at the time, but noted that the motion for a further extension was not well taken. The Court noted that the February 7 order expressed the Court's view that the schedule set in the order allowed "adequate time" for the parties to simultaneously prepare a settlement demand and marshal their arguments on the post-trial motions and fee petition. The order further indicated the Court's determination that briefing should "proceed expeditiously" after Defendants formulated their settlement position. The Court also noted that filing a motion for a further extension on the due date is not a best practice, and all the more so where, as here, the prior extension of time was carefully crafted and granted over the opposing party's not-unreasonable objection. See, *e.g.*, *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) (holding that district court did not abuse its discretion in denying motion for one day extension of time for response to motion for summary judgment).

The Court further noted that Local Rule 54.3 sets forth a process that, when done properly, aids the Court in the fair disposition of petitions for attorneys' fees. To that end, the

9

Court gave Defendants a final opportunity to submit their Local Rule 54.3 materials no later than Thursday, February 28. Although Defendants complied with this new deadline, their submission did not comport with either the letter or the spirit of Local Rule 54.3. Instead of engaging in meaningful correspondence with Plaintiff, Defendants countered with an e-mail which stated that Plaintiff's "L54.3 submission does not attempt to provide context or justification for the hourly rates sought. Moreover, many time entries are incomplete." Defendants' objections did not identify "the specific items that are in dispute" or provide insight "as to why a particular item is or is not excessive." This response precluded meaningful resolution of the issues, despite representations to the Court that the parties were working earnestly toward settlement. Defendants' lack of compliance with the Local Rule's directives, despite a lengthy extension, has frustrated Plaintiff, the Court, and the legal process. Therefore, the Court concludes that Defendants have waived their specific objections to Plaintiff's fee entries.

* * * * *

In sum, because Plaintiff won a substantial verdict in this civil rights action, Plaintiff clearly qualifies as a prevailing party entitled to attorneys' fees under § 1988. In consideration of the applicable factors, the Court concludes that Plaintiff obtained a good result and, while he should not recover "a fully compensatory fee," he should recover a substantial portion of his proposed fee *Id*. In other words, for the reasons set forth above, the Court concludes that Plaintiff is entitled to 75% of the traditional lodestar – reasonable hours multiplied by counsel's respective hourly rates. Finally, as explained in detail above, the Court finds that Defendants have waived the specific objections to Plaintiff's entries, as Defendants did not comply with the spirit or letter of Local Rule 54.3.

**III.     Conclusion**

For these reasons, the Court grants in part Plaintiff's petition for attorneys' fees and costs [156] and awards Plaintiff $315,661.31 in fees and $4,275.51 in costs.  In addition, given that "[a]mple case law supports the proposition that when a prevailing party is forced to litigate to obtain a fee award, a component of that award may include a reasonable fee for the time expended in preparing and litigating the fee petition" (*Trustees of the Chicago Plastering Institute Pension Trust v. Cork Plastering, Inc.*, 2008 WL 728897, at *6), in the event that the parties once again cannot come to an agreement, Plaintiff is given fourteen days from the date of this opinion to submit a request for compensation for hours spent litigating the fee petition since December 7, 2012.  Defendants are given 14 days from the date of Plaintiff's supplemental filing, if any, to file any objections to Plaintiff's supplemental filing.

Dated:  July 8, 2013                                            _____
                                                                                Robert M. Dow, Jr.
                                                                                United States District Judge

11